ALLEN, J.
The claimant challenges an order by which the judge of compensation claims denied the claimant’s request for an adjustment in his average weekly wage. At issue is the period of time to be utilized in properly determining an employee’s average weekly wage under section 440.14(l)(a), Florida Statutes. Because the judge did not look to the 91-day period immediately preceding the industrial accident, we reverse.
A dispute arose over the amount of the claimant’s average weekly wage due to the parties’ disagreement as to the interpretation of section 440.14(l)(a), which provides that an injured employee’s average weekly wage is one-thirteenth of the wages earned “during substantially the whole of 13 weeks immediately preceding the injury.” The employer/carrier urged, and the judge determined, that the 13-week period consists of “complete weeks,” and thus, since the appellant’s accident occurred in the middle of the weekly pay period, the week of the accident should not be considered in the computation. We conclude that the judge erred in his interpretation of the statute.
Section 440.14(l)(a), Florida Statutes, provides in pertinent part:
(a) If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks. As used in this paragraph, the term “substantially the whole of IS iveeks” shall be deemed to mean and refer to a constructive period of IS weeks as a whole, which shall be defined as a consecutive period of 91 days....
(Emphasis added.) Under the plain language of this statute, the relevant 13-week period consists of the 91 days immediately preceding the injury. Accordingly, the order is reversed and the case is remanded.
BARFIELD, J., and SMITH, Senior Judge, concur.